IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBBY JOE BREWER III,

      Plaintiff,                  No. CIV S-08-971 FCD KJM PS

   vs.

OFFICER MICHAEL BEATTY,

      Defendant.           <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

      Defendant's motion for summary judgment is pending before the court.  Upon review of the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

      In this action, plaintiff alleges a claim under 42 U.S.C. § 1983, contending defendant Beatty subjected plaintiff to excessive force in violation of his constitutional rights when defendant used his police dog to apprehend plaintiff.[1]  During the events giving rise to this action, the police dog bit plaintiff's right ear and plaintiff subsequently underwent surgery to reattach a portion of the ear.  Plaintiff also alleges state claims against defendant Beatty for

---

[1]  Although plaintiff predicates his civil rights claim on several Amendments, the excessive force claim is properly analyzed under the Fourth Amendment.  <u>Graham v. Connor</u>, 490 U.S. 386, 394-95 (1989).

1    assault and battery and intentional infliction of emotional distress.  Defendant[2] moves for

2    summary judgment.

3    I.  Summary Judgment Standard

4           Summary judgment is appropriate when it is demonstrated that there exists "no

5    genuine issue as to any material fact and that the moving party is entitled to a judgment as a

6    matter of law."  Fed. R. Civ. P. 56(c).

7              Under summary judgment practice, the moving party always bears
               the initial responsibility of informing the district court of the basis
8              for its motion, and identifying those portions of "the pleadings,
               depositions, answers to interrogatories, and admissions on file,
9              together with the affidavits, if any," which it believes demonstrate
               the absence of a genuine issue of material fact.

10

11   Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c).  "[W]here the

12   nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

13   judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

14   to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered,

15   after adequate time for discovery and upon motion, against a party who fails to make a showing

16   sufficient to establish the existence of an element essential to that party's case, and on which that

17   party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof

18   concerning an essential element of the nonmoving party's case necessarily renders all other facts

19   immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

20

21         [2]  By order filed May 15, 2008, this action is proceeding against defendant Beatty only.
     As noted in that order, plaintiff has made no allegations that any official policy gave rise to the
22   alleged constitutional deprivation.  Defendant City of Fairfield cannot therefore be held liable
     under 42 U.S.C. § 1983.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978).
     Although in the amended complaint, plaintiff alleges the defendant City failed to properly train
23   the defendant officer in the appropriate use of police dogs there was no constitutional deprivation
     and thus liability cannot lie against the City, as explained below.  To the extent plaintiff is trying
24   to bring a negligence claim against the City, the claim cannot lie.  Low v. City of Sacramento, 7
     Cal. App. 3d 826, 831 (1970) (no common law negligence against public entity); Cal. Gov't
25   Code § 820.2 (public employee not liable for injury from act resulting from exercise of
     discretion, whether or not such discretion abused); Cal. Gov't Code § 815.2(b) (public entity not
26   liable for injury resulting from act of employee where employee is immune from liability).

1   whatever is before the district court demonstrates that the standard for entry of summary

2   judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

3           If the moving party meets its initial responsibility, the burden then shifts to the

4   opposing party to establish that a genuine issue as to any material fact actually does exist.  See

5   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

6   establish the existence of this factual dispute, the opposing party may not rely upon the

7   allegations or denials of its pleadings but is required to tender evidence of specific facts in the

8   form of affidavits, and/or admissible discovery material, in support of its contention that the

9   dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

10  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

11  of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

12  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

13  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

14  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

15  1436 (9th Cir. 1987).

16          In the endeavor to establish the existence of a factual dispute, the opposing party

17  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

18  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

19  versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

20  judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

21  genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

22  committee's note on 1963 amendments).

23          In resolving the summary judgment motion, the court examines the pleadings,

24  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

25  any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

26  477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

3

1  court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

2  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

3  produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

4  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

5  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

6  show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

7  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

8  'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

9           On April 14, 2010, the court advised plaintiff of the requirements for opposing a

10  motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154

11  F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v.

12  Eikenberry, 849 F.2d 409 (9th Cir. 1988).

13  II.  Analysis

14       A.  Excessive Force

15           Plaintiff's claim of excessive force in violation of the Fourth Amendment is

16  analyzed under an objective reasonableness standard.  See Scott v. Harris, 550 U.S. 372, 381

17  (2007).  The "reasonableness" inquiry in an excessive force case measures whether the officer's

18  actions are "objectively reasonable" in light of the facts and circumstances confronting him,

19  without regard to the officer's underlying intent or motivation.  See Graham v. Connor, 490 U.S.

20  386, 396-97 (1989).  To determine if a Fourth Amendment violation has occurred, the extent of

21  the intrusion on the individual's Fourth Amendment rights must be balanced against the

22  government's interests to determine whether the officer's conduct was objectively reasonable

23  based on the totality of the circumstances.  See Miller v. Clark County, 340 F.3d 959, 964, 968

24  (9th Cir. 2003).  The analysis involves three steps.  First, the severity of the intrusion on the

25  individual's Fourth Amendment rights is assessed by evaluating the type and amount of force

26  inflicted.  Id. at 964.  Second, the government's interests are evaluated by assessing (1) the

severity of the crime; (2) whether the suspect posed an immediate threat to the officer's or

public's safety; and (3) whether the suspect was resisting arrest or attempting to escape. Id.

Third, the gravity of the intrusion on the individual is balanced against the government's need for

that intrusion. Id. Ultimately, "[t]he calculus of reasonableness must embody allowance for the

fact that police officers are often forced to make split-second judgments-in circumstances that are

tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular

situation." Graham, 490 U.S. at 396-97.

        In support of his motion for summary judgment, defendant has submitted a

statement of forty undisputed facts. Plaintiff disputes only three of these facts, numbers 7, 22

and 26. Defendant's statement of fact number 7[3] is irrelevant to the analysis of whether the

defendant officer's action in using the police dog to apprehend plaintiff was reasonable because

defendant admits plaintiff was not identified until after the incident at dispute in this action.

Beatty Decl. ¶ 15. Plaintiff disputes fact number 22[4] by stating that he did get down on the

ground fast enough and become prone as was ordered. However, plaintiff adduces no evidence

in support of his dispute.[5] Moreover, plaintiff does not dispute defendant's other undisputed

---

[3] Fact no. 7: "On December 6, 2007, Plaintiff Bobby Joe Brewer III had been in and out of jail a number of times, had been released from San Quentin the day before, and was on parole for stealing a vehicle and other charges."

[4] Fact no. 22: "Despite the verbal warning, Mr. Brewer did not respond, did not get down on the ground, and did not respond quickly enough for this tense situation."

[5] On May 17, 2010, plaintiff filed a supplemental declaration in which he avers that he "got down on the ground and was atteket [sic] by K-9 Ricco not once but tiwice, [sic] I curled up in a fettlal [sic] posion [sic] to poctect [sic] myself from K-9 Ricco, then K-9 Ricco, bit my right ear off." Docket no. 64 at 2. At his deposition, plaintiff admitted he was driving a stolen vehicle, engaged in a high speed chase, ran red lights and stop signs, exited the stolen vehicle and ran toward his house, that he froze when first encountering the defendant police officer on foot and that when he was getting down on the ground, he was first attacked by the police dog. Colwell Decl., Ex. A, Brewer Depo. at 24:16-22, 48:6-50:8. Plaintiff's self-serving declaration that he was attacked by the police dog after he was already on the ground is insufficient to raise a triable issue of fact in light of his deposition testimony to the contrary. See Foster v. Arcata Associates, 772 F.2d 1453, 1462 (9th Cir. 1985) (party cannot create an issue of fact by affidavit contradicting his prior deposition testimony).

1   facts that establish that plaintiff subsequently curled into a ball and placed his hands where

2   defendant could not see them and that in response to plaintiff's hiding of his hands, the police

3   dog was again re-engaged, at which time plaintiff's ear was bitten.  Colwell Decl., Ex. A, Brewer

4   Depo. at 27:5-7; Def't's Undisputed Facts Nos. 25, 27, 28, 34, 35.  Again with his dispute as to

5   fact number 26,[6] plaintiff offers no controverting evidence.  In sum, plaintiff has offered no

6   controverting evidence to defendant's undisputed facts.

7           Analyzing plaintiff's claim through the prism of the undisputed facts, and drawing

8   all reasonable inferences in favor of plaintiff, the court finds no reasonable jury could find that

9   defendant violated plaintiff's Fourth Amendment rights.  Under the first <u>Miller</u> step, the court

10  finds the intrusion on plaintiff's Fourth Amendment interests to be a serious one.  Plaintiff was

11  twice apprehended by the police dog, during the course of which he was bitten and suffered a

12  severe injury to his ear.  340 F.3d at 964.

13          Evaluating the government's interests under <u>Graham</u>, there is an undeniable

14  legitimate interest in apprehending criminal suspects, particularly those who, as here, are

15  suspected of having committed a felony, are fleeing a crime scene and endangering others in the

16  course of fleeing.  It is undisputed that in the course of the police chase, plaintiff drove at a high

17  velocity through red lights and on a bike path and exited the vehicle while it was still moving, all

18  demonstrating plaintiff's wanton or willful disregard for the lives of others.  Def't's Undisputed

19  Facts Nos. 13, 14, 15, 17, 18.  Defendant knew the vehicle driven by plaintiff was stolen.  Def't's

20  Undisputed Facts Nos. 2, 3, 4.  From defendant's viewpoint, plaintiff posed a possible threat to

21  defendant's safety and that of his fellow officers; plaintiff did not comply with the defendant

22  officer's directions, defendant did not know if plaintiff was going to run away again after

23  stopping, and defendant did not know if plaintiff possessed a weapon because plaintiff placed his

24  hands in a manner such that they could not be seen by defendant even after plaintiff was ordered

25  _____

26          [6]  Fact no. 26:  "Officer Beatty thought Mr. Brewer tucked his hands under his
    waistband."

                                                6

1  to lie prone on the ground.  Def't's Undisputed Facts Nos. 23-25, 27-28.  From defendant's

2  viewpoint, plaintiff's actions in hiding his hands in conjunction with plaintiff's flight indicated a

3  possible attempt to continue to evade arrest.  All three factors enunciated in Graham demonstrate

4  a strong countervailing government interest in safely arresting plaintiff.  490 U.S. at 397.

5          Balancing the intrusion of plaintiff's Fourth Amendment interest against the

6  countervailing interest of the government, the court finds the force that was applied was

7  reasonably necessary under the circumstances.  Defendant attempted less forceful means to

8  apprehend plaintiff by signaling with lights and sirens.  Def't's Undisputed Facts No. 13.  He

9  pursued in his patrol car when plaintiff exited the stolen vehicle.  Def't's Undisputed Facts No.

10  19.  Defendant ordered plaintiff to stop and verbally warned plaintiff that the police dog would

11  be engaged if plaintiff did not get down on the ground.  Def't's Undisputed Facts Nos. 19-21.

12  Because of plaintiff's slow response in complying with defendant's orders and because defendant

13  was not sure if plaintiff was going to run or challenge defendant, the police dog was engaged.

14  Def't's Undisputed Facts Nos. 21, 23.  The dog was called off and immediately obeyed upon

15  plaintiff's showing his hands.  Def't's Undisputed Facts No. 24.  The dog was only re-engaged

16  when plaintiff hid his hands from the view of the arresting officer.  Def't's Undisputed Facts

17  Nos. 25, 27-28.  The dog was again called off and immediately obeyed once plaintiff raised his

18  hands, and was not engaged again thereafter.  Def't's Undisputed Facts Nos. 29, 30.  Under the

19  totality of circumstances, the court concludes the government's strong interests in safely effecting

20  plaintiff's seizure through the means chosen outweighed plaintiff's legitimate interest in not

21  being bitten by the police dog.  Defendant made a reasonable seizure that did not violate

22  plaintiff's Fourth Amendment rights.

23          B.  State Law Claims

24          Plaintiff also alleges a claim for assault and battery and intentional infliction of

25  emotional distress.  Under California law, the legality of defendant's seizure of plaintiff is

26  measured by the reasonableness standard of the Fourth Amendment.  See Edson v. City of

1   <u>Anaheim</u>, 63 Cal. App. 4th 1269, 1272-73 (1998).  As discussed above, defendant employed

2   reasonable force and thus plaintiff's claim for assault and battery fails as a matter of law.  <u>See</u>

3   <u>Saman v. Robbins</u>, 173 F.3d 1150, 1157 n.6 (9th Cir. 1999).  Similarly, plaintiff's claim for

4   intentional infliction of emotional distress requires, to be proven, extreme and outrageous

5   conduct by the defendant with the intention of causing, or with reckless disregard to the

6   probability of causing, emotional distress.  <u>See</u> <u>Christensen v. Superior Court</u>, 54 Cal. 3d 868,

7   903-06 (1991).  Because defendant's actions were reasonable, plaintiff cannot make his prima

8   facie case.  Defendant is entitled to summary judgment on all of plaintiff's claims.

9           Accordingly, IT IS HEREBY RECOMMENDED that:

10          1. Defendant's motion for summary judgment be granted; and

11          2. This action be closed.

12          These findings and recommendations are submitted to the United States District

13   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

14   fourteen days after being served with these findings and recommendations, any party may file

15   written objections with the court and serve a copy on all parties.  Such a document should be

16   captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

17   objections shall be served and filed within seven days after service of the objections.  The parties

18   are advised that failure to file objections within the specified time may waive the right to appeal

19   the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

20   DATED:  June 14, 2010.

21

22                                      _____

23                                      U.S. MAGISTRATE JUDGE

24

25

26   006
     brewer.57

8